**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD BRUBAKER,

          Plaintiff-Appellant,

  v.

CITY OF TUCSON, a municipal
corporation; JACK WOOLRIDGE;
MICHAEL JAMES PELTON,

          Defendants-Appellees,

 and

PIMA COUNTY BOARD OF
SUPERVISORS,

          Defendant.

No. 20-15547

D.C. No. 4:10-cv-00649-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted May 5, 2021
Portland, Oregon

Before: W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Richard Brubaker appeals from the district court's grant of judgment as a matter of law in favor of Sergeant Jack Woolridge and Officer Michael Pelton (collectively, "Defendants") under Federal Rule of Civil Procedure 50.[1]  He also appeals the district court's grant of Defendants' motion in limine, which limited the evidence of damages introduced at trial.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse in part and affirm in part.

(1)  Rule 50 ruling:

The district court granted Defendants' Rule 50 motion with respect to both Brubaker's § 1983 and state-law trespass claims.

The court granted the motion with respect to the § 1983 claim on the ground that Defendants were entitled to qualified immunity.  In the view of the district court, there was no evidence that either Defendant intentionally or recklessly misled the judge who authorized the search of Brubaker's home.  We disagree.  Based on the evidence before it, the jury reasonably could have chosen to disbelieve Defendants' testimony that they did not intend to mislead the judge who issued the telephonic warrant, or reasonably could have found that Defendants

[1] The City of Tucson is also a Defendant as to Brubaker's trespass claim, on a respondeat superior theory.  Brubaker's arguments on appeal focus on the individual defendants, however, so our discussion does as well—unless otherwise noted, our references to "Defendants" refer only to Woolridge and Pelton.

were reckless in their preparation of the warrant application.  Indeed, the jury could have inferred recklessness from evidence presented at trial, including: Officer Pelton's false statement in his telephonic affidavit implying that police had received reports of drugs being sold at Brubaker's address, the officers' reliance on a single source, coupled with their failure to uncover and disclose the source's criminal history of lying to police, and the officers' failure to acquire meaningful corroboration.  We therefore reverse the district court's grant of the Rule 50 motion as to the § 1983 claim.

The court held that it necessarily followed from its grant of Defendants' Rule 50 motion with respect to Brubaker's § 1983 claim that Defendants' motion with respect to Brubaker's state-law trespass claim must also be granted.  As noted in the preceding paragraph, we reverse the grant of the Rule 50 motion with respect to Brubaker's § 1983 claim, so we likewise reverse on the trespass claim as to all Defendants, including the City.  Because the jury could have reasonably concluded that Defendants procured the search warrant through judicial deception, it similarly could have concluded that Defendants' entry onto Brubaker's property was an unauthorized trespass.

(2)  In limine evidentiary ruling:

We have already reversed the district court's grant of Defendants' Rule 50 motion, so we are not required to reach the question of whether the court's in limine evidentiary ruling was improper. However, because this case may be retried, we reach and decide the question as a matter of judicial efficiency.

We conclude that the district court acted within its discretion in granting Defendants' motion in limine limiting evidence of damages. *See Branch Banking and Tr. Co. v. D.M.S.I, LLC*, 871 F.3d 751, 759 (9th Cir. 2017). Brubaker sought to recover damages related to the seizure and forfeiture of his animals, to his criminal prosecution for animal neglect, and to the condemnation of his home. Brubaker argues that these damages are recoverable under his § 1983 claim and/or under his trespass claim because Defendants proximately caused them by unlawfully entering and searching his home.

In his § 1983 claim, Brubaker pleaded that his Fourth Amendment rights were violated when Defendants searched his home, and invited others to do so, pursuant to an allegedly unlawfully obtained warrant. The district court concluded that Brubaker may claim damages caused by the search, including physical damage to the premises, his emotional distress, his loss of use of the house during the search, and nominal damages. We agree.

The district court also concluded that under § 1983 Brubaker may not recover damages for the subsequent seizures of his animals and home, or his criminal prosecution. We again agree, because the Fourth Amendment prohibits only "unreasonable searches and seizures." Searches and seizures are "reasonable" for purposes of the Fourth Amendment when supported by probable cause. *See Bailey v. United States*, 568 U.S. 186, 192 (2013). Unlawfully obtained evidence may provide probable cause for a search or seizure. *Lingo v. City of Salem*, 832 F.3d 953, 960 (9th Cir. 2016). Although such evidence may be suppressed in the context of criminal proceedings, the same is not true in § 1983 actions. *Id.* at 958. Section 1983 defendants may prove that their search or seizure was reasonable for Fourth Amendment purposes—and therefore not cognizable under § 1983—by introducing unlawfully obtained evidence substantiating probable cause. *See id.* at 955, 958-59. Brubaker never disputed that Defendants' allegedly unlawful search of his home provided probable cause for the subsequent seizures and his criminal prosecution. He therefore cannot obtain damages for those actions under § 1983.

Under Arizona law, damages for Brubaker's state-law trespass claim are limited to "(a) the difference between the value of the land before the harm and the value after the harm . . . , (b) the loss of use of the land, and (c) discomfort and

annoyance to [the] occupant." *Dixon v. City of Phoenix*, 845 P.2d 1107, 1116 (Ariz. Ct. App. 1992) (quoting the Restatement (Second) of Torts § 929 (Am. L. Inst. 1979)). The evidence excluded by the district court was not relevant to these damages.

Each party shall bear its own costs.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**